# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

Civil Action No. 10-242-HRW

LONZO SIZEMORE,                                                PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on July 13, 2005, alleging disability beginning on June 1, 2005, due to back problems, colon problems, leg pain, lung and breathing problems, nervousness, shoulder pain, depression, anxiety and panic attacks (Tr. 75).

An Administrative Law Judge (ALJ) issued a decision denying Plaintiff's

claims on February 15, 2007 (Tr. 18-26). The U.S. District Court reversed the ALJ's denial and remanded Plaintiff's case for further consideration on April 16, 2008 (Tr. 388-400). The ALJ held a second hearing on February 12, 2009 (Tr. 650-677).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

In a decision dated May 28, 2009, the ALJ found that Plaintiff was not disabled prior to February 13, 2008, but that he became disabled on that date and continued to be disabled through the date of the decision (Tr. 368-376).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 370).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative changes of the cervical and lumbar spine, depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 370-372).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 372). In doing so, the ALJ specifically considered listings 12.04 and 12.06 (Tr. 372).

The ALJ further found that Plaintiff could not return to his past relevant work as a foreman for the state highway department (Tr. 374) but determined that he has the residual functional capacity ("RFC") to perform light work with certain restrictions:

> that will allow combined standing/walking for 4 hours per 8 hour day (no more than 20 minutes uninterrupted) and sitting 6 hours per 8 hour day (no more than 1 hour uninterrupted), and that does not require more than frequent pushing or pulling with the upper extremities

> (the claimant is right hand dominant); no operation of
> foot controls; no climbing ladders, ropes or scaffolds or
> crawling; no more than occasional climbing stairs/ramps,
> kneeling, or crouching; no more than frequent stooping;
> no exposure to pulmonary irritants; and no more than
> occasional operation of motor vehicles or exposure to
> extreme heat. The claimant is further limited to simple,
> 1-2 step instructions performed in an object-focused
> work environment that requires only occasional, casual
> contact with other persons, occasional changes in the
> work setting, and involves routine work that is not highly
> stressful (no quotas or production rate work).

(Tr. 372-374).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 374-375).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

Plaintiff appealed the ALJ's decision to the Appeals Council, which found no reason to assume jurisdiction on June 30, 2010 (Tr. 358-360).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7, 8 and 9] and this matter is ripe for decision.

4

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected restrictions assessed by treating physicians Dr. Kishore Jadhav and Dr. Requel Vasquez and (2) the ALJ relied on production quota jobs which were not consistent with the RFC which he adopted, and the agency's burden of proof at the final step in the sequential evaluation process is not satisfied [Plaintiff's Brief, Docket No. 7, pg.1]

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly rejected restrictions assessed by treating physicians Dr. Kishore Jadhav and Dr. Requel Vasquez.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Jadhav opined in a medical source statement in August

2006, that Plaintiff could sustain work activity and sit, stand and walk for less than an hour, while he needed to alternate between sitting, standing and walking at will (Tr. 304). He further stated that Plaintiff could never or rarely lift over 10 pounds, squat, crawl, climb, stoop, crouch, kneel, rotate or flex his neck, grasp, push or pull or reach, or use foot controls (Tr. 304-305). He also stated that Plaintiff could occasionally lift up to ten pounds and bend and his symptoms would interfere with working more than 6 days per month (Tr. 304-305).

The ALJ did not incorporate these restrictions into his RFC. In declining to accept Dr. Jadhav's opinion, the ALJ noted that his treatment notes did no reflect neurological abnormalities. To the contrary, his notes, as well as the other medical evidence of record, contain findings of mild limitations, such as a decreased range of motion. This is not enough to preclude all work activity, as suggested in his August 2006 assessment. Given the lack of supporting clinical findings, the Court finds no error in the ALJ's rejection of Dr. Jadhav's opinion.

As for Dr. Vasquez, her suggestion of severe limitation in functioning is also not supported by the record. On July 7, 2006, Dr. Vasquez provided an assessment of Plaintiff's psychological capacities (Tr. 309-311). She opined that Plaintiff was mildly limited in functioning independently, and understanding, remembering and carrying out simple instructions; he was moderately limited in

following work rules, relating to co-workers and interacting with supervisors; and he was markedly limited in dealing with the public, using judgment, dealing with work stress, maintaining attention and concentration, understanding, remembering and carrying out complex and detailed instructions, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability (Tr. 309-311). Despite Plaintiff's report of no side effects (Tr. 294), Dr. Vasquez stated that Plaintiff's side effects from medication were sedation, dizziness, headache, light-headedness, nausea and excitement and noted "N/A" for how pain affected Plaintiff's ability to function (Tr. 311).

The ALJ discounted Dr. Vasquez' opinion because her own treatment notes were not consistent with her July 7, 2006 opinion (Tr. 373). As discussed above and by the ALJ, Dr. Vasquez's diagnoses were generally mild and she only made minor changes to Plaintiff's medications since she began treating him (Tr. 373). Further, Dr. Vasquez' notes and the other objective findings in the record did not indicate the severe limitations that she cited in her assessment and her GAF score findings were indicative of no more than moderate limitations (Tr. 282, 373). Thus, the ALJ was correct in discounting Dr. Vasquez' opinion.

Plaintiff maintains that the ALJ inappropriately relied solely upon the assessments of the state agency physicians in rejected those of his treating physicians. However, a review of the hearing decision shows that the ALJ considered all the medical evidence, from both treating and non-treating sources, in evaluating the opinions of Dr. Jadhav and Dr. Vasquez.

The Court, having reviewed the hearing decision and the record, finds that the ALJ's ejaculation of the medical evidence is based upon substantial evidence.

Plaintiff's second claim of error is that the ALJ relied on production quota jobs which were not consistent with the RFC which he adopted, and the agency's burden of proof at the final step in the sequential evaluation process is not satisfied.

At the hearing, the ALJ asked James Miller, a vocational expert (hereinafter "VE") whether a person with Plaintiff's age, education, work history and RFC could perform jobs in the national economy (Tr. 672-673). The VE responded that there were manufacturing jobs, which would total approximately 140,000 in the national economy (Tr. 673). The VE then stated that there would also be other jobs but that "…production worker **doesn't mean** that [they are] quota type or high pressure jobs" (Tr. 375 n.2, 673)(emphasis added). The VE went on to name other jobs, which totaled approximately 60,000 nationally (Tr. 673).

Plaintiff contends that the ALJ relied upon the total number of jobs, including the production quota jobs, in finding that sufficient work exists in the economy.

Even if the court determines that it was improper to rely on the "production worker" jobs identified by the VE, there were sufficient other jobs identified by the VE to qualify as a significant number. *See Nejat v. Commissioner of Social Security,* 359 Fed. Appx. 574, 579 (6th Cir. 2009) (after eliminating two out of three categories of jobs identified by the VE and relied upon by the ALJ there were enough jobs in the other category to withstand challenge). The Court is mindful that it should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). *See also, Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993). Therefore, the Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of August, 2011.



Henry R. Wilhoit, Jr., Senior Judge